JODY A. LANDRY, Bar No. 1257432
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101
Telephone:   619.232.0441
Facsimile:   619.232.4302

MICHAEL G. LEGGIERI, Bar No. 253791
LITTLER MENDELSON, P.C.
1255 Treat Boulevard, Suite 600
Walnut Creek, CA  94597
Telephone:   925.932.2468
Facsimile:   925.946.9809

Attorneys for Defendants
iHEARTMEDIA + ENTERTAINMENT, INC.,
CAPSTAR RADIO OPERATING COMPANY, and
iHEARTMEDIA, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| KARL VAN LITH,<br><br>           Plaintiff,<br><br>v.<br><br>iHEARTMEDIA + ENTERTAINMENT, INC.; CAPSTAR RADIO OPERATING COMPANY; iHEARTMEDIA, INC.; and DOES 1 – 100, inclusive,<br><br>           Defendants. | Case No.  16cv00066 LJO (SKO)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE THE CLASS DEFINITION**<br><br>Date: July 6, 2016<br>Time: 8:30 a.m.<br>Judge: Hon. Lawrence J. O'Neill<br>Courtroom: 4<br><br>First Amended Complaint Filed: May 11, 2016<br>Trial Date: None Set |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

MPA ISO MOTION TO DISMISS OR, IN
THE ALTERNATIVE, MOTION TO STRIKE

16cv00066 LJO (SKO)

**TABLE OF CONTENTS**

**PAGE**

I.   INTRODUCTION ................................................................................................................. 1

II.   THE TWO WAGE STATEMENT CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM ................................................................................. 1

    A.   Legal Standard For A Motion To Dismiss Under Rule 12(b)(6) ................................ 1

    B.   The First Claim For Relief Fails To State A Claim That Is Plausible On Its Face ........................................................................................................................... 2

    C.   The Second Claim For Relief Fails To State A Claim That Is Plausible On Its Face ........................................................................................................................... 4

III.   THE CLASS DEFINITION MUST BE STRIKEN ............................................................. 4

    A.   Legal Standard For A Motion To Strike Under Rule 12(f) ........................................ 4

    B.   The Proposed Class Definition Is An Impermissible "Fail-Safe" Class ..................... 4

    C.   The Proposed Class Definition Improperly Extends The Statute Of Limitations Based On The Filing Of The Original Complaint .................................... 6

IV.   CONCLUSION ...................................................................................................................... 7

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

MPA ISO MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE

i.

16cv00066 LJO (SKO)

## I. INTRODUCTION

Defendants move to dismiss Van Lith's two wage statement claims (which are also the two putative class claims) on the grounds that the First Amended Complaint fails to plausibly state a claim for relief. In short, Van Lith cannot plausibly claim he suffered injury within the meaning of Labor Code section 226(e) because one employment document listed his employer's address as "200 E. Basse Rd., San Antonio TX 78209," (FAC, ¶ 22), while his wage statements listed his employer's address as "200 East Basse, San Antonio TX 78209," (FAC, ¶ 23). "200 E. Basse Rd., San Antonio TX 78209" and "200 East Basse, San Antonio TX 78209" are the same place. A Google search of the two addresses returns the exact same result – 200 E Basse Rd, San Antonio, TX 78209. Any assertion that these are somehow different addresses is wrong. Thus, the first two claims in the First Amended Complaint – and the corresponding class allegations – must be dismissed for failure to state a plausible claim for relief.

In the alternative, assuming *arguendo* Van Lith adequately pled his wage statement claims (which he did not), the proposed class definition must be stricken because: (1) it is an improper "fail-safe" class where the putative class members either win or are not in the class; and (2) it improperly extends the statute of limitations based on the filing of the original Complaint, even though the original Complaint was not a putative class complaint and did not allege any class claims.

## II. THE TWO WAGE STATEMENT CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

### A. Legal Standard For A Motion To Dismiss Under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. *Navarro v. Block*, 250 F. 3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (emphasis added), quoting *Twombly*, 550 U.S. at 547. A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

MPA ISO MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE

16cv00066 LJO (SKO)

(2007) (emphasis added). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

### B. The First Claim For Relief Fails To State A Claim That Is Plausible On Its Face

Van Lith's first claim alleges Defendants failed to "furnish wage statements accurately showing 'the name and address of the legal entity that is the employer' as required by Labor Code section 226(a)(8)." (FAC, ¶ 35; *see also* FAC, ¶¶ 36, 48, 52(a), 59-64.)  This claim is based, in pertinent part, on the allegation that one document listed his employer's address as "200 E. Basse Rd., San Antonio TX 78209," (FAC, ¶ 22), while his wage statements listed his employer's address as "200 East Basse, San Antonio TX 78209," (FAC, ¶ 23).  These allegations fail to state a plausible claim for relief for an alleged violation of Labor Code section 226.

California Labor Code section 226(a) requires an employer to furnish a wage statement that shows, among other things, "(8) the name and address of the legal entity that is the employer . . ." Labor Code § 226(a)(8).  In order to state a claim for an alleged violation of Labor Code section 226(a), a plaintiff must establish that he or she "suffer[ed] injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) . . ." Labor Code § 226(e).  As relevant to Van Lith's claim here, in order to establish that he "suffer[ed] injury" he must allege facts that plausibly show: (1) Defendants failed to provide accurate and complete information as required by any one or more of items (1) to (9); and (2) Van Lith cannot promptly and easily determine from the wage statement alone "[t]he name and address of the employer." Labor Code § 226(e)(2)(B)(iii) (emphasis added).

In construing statutes, courts "must rely on the usual, ordinary import of the language employed in framing them." *In re Jessica V.*, 32 Cal. 4th 588, 622 (2004) (internal quotations omitted).  "The word 'and' requires a conjunctive construction of the two requirements." <u>Rodriguez v. Blue Cross of California</u>, 162 Cal. App. 4th 330, 341 (2008).  Accordingly, in order state a claim, Van Lith must show that he was unable to determine both "the name <u>and the address</u>" of his employer – not the name <u>or</u> the address.  Van Lith's allegations fail to make that showing because he

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

MPA ISO MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE

2.

16cv00066 LJO (SKO)

cannot plausibly claim he was unable to determine the address of his employer.[1]

Specifically, Van Lith alleges:

> 22.   On July 14, 2015, pursuant to Labor Code 2810.5, Van Lith was issued a document entitled "NOTICE TO EMPLOYEE" (hereinafter "Labor Code 2810.5 Notice"). . . . The Labor Code 2810.5 Notice identified the "Legal Name of Hiring Employer" as "iHeartMedia" and the "Physical Address of Hiring Employer's Main Office" as well as the "Hiring Employer's Mailing Address" as "<u>200 E. Basse Rd., San Antonio TX 78209</u>." . . .
>
> 23.   Notwithstanding the foregoing, Van Lith continued to receive wage statements that listed his employer as "Capstar Radio Operating Company" with an address of "<u>200 East Basse, San Antonio, TX 78209</u>." . . . Accordingly, those wage statements issued to Mr. Van Lith and Defendants' other current and former employees listing the legal name and address of the entity that was their employer as "Capstar Radio Operating Company" with an address of "200 EAST BASSE, SAN ANTONIO, TX 78209" were inaccurate.

(FAC, ¶¶ 22-23 (emphasis added).)

This is the epitome of form over substance and illustrates the type of spurious wage statement claim that the California legislature is seeking to curb.  As stated on September 8, 2015 in the Legislative history of AB 1506: "Proponents argue that <u>wage statement violations are one area in which employers have seen an increase in frivolous litigation regarding technical violations that do not harm or injure the employee</u>." (Request for Judicial Notice, Ex. A, p. 3.)

Here, there is not even a "technical" violation.  "200 E. Basse Rd., San Antonio TX 78209," (FAC, ¶ 22), and "200 East Basse, San Antonio TX 78209," (FAC, ¶ 23), are the same place.  A Google search of the two addresses returns the exact same result.  (Request for Judicial Notice, Exs. B, C.)  Again, the United States Supreme Court has stated that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience <u>and common sense</u>." *Iqbal*, 556 U.S. at 679 (emphasis added).  Any assertion that Van Lith was injured because one document listed his employer's address as "200 E. Basse Rd., San Antonio TX 78209," (FAC, ¶ 22), and his wage statements listed his employer's address as "200 East Basse, San Antonio TX 78209," (FAC, ¶ 23), defies common sense.

In sum, based on the allegations in the First Amended Complaint, Van Lith cannot plausibly

---

[1] Defendants deny that Van Lith's wage statements failed to accurately state the name of his employer.  However, on this motion to dismiss, Defendants acknowledge that the Court must accept as true Van Lith's allegations regarding the name of his employer.

MPA ISO MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE    3.    16cv00066 LJO (SKO)

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

claim that he could not determine the address of his employer, *Iqbal*, 556 U.S. at 678-679, and therefore he fails to state a claim for relief. *See* Labor Code § 226(e)(2)(B)(iii). Accordingly, the first claim must be dismissed for failure to state a claim.

### C. The Second Claim For Relief Fails To State A Claim That Is Plausible On Its Face

Van Lith's second claim is duplicative of his first claim because it also alleges a violation of Labor Code section 226 based on the alleged failure to accurately list the name and address of his employer on his wage statements. (FAC, ¶¶ 65-68.) Accordingly, it suffers the same flaw, because the allegations in the First Amended Complaint cannot plausibly establish the injury requirement that is necessary to state a claim under Labor Code section 226(e). Accordingly, Van Lith's second claim must be dismissed for failure to state a claim.

### III. THE CLASS DEFINITION MUST BE STRIKEN

Because the first and second claims must be dismissed, and because the first and second claims are the only putative class claims, the class allegations in the First Amended Complaint are moot and must be stricken. In the alternative, assuming *arguendo* Van Lith alleged facts sufficient to state a claim for relief under Labor Code section 226, the proposed class definition must be stricken because: (1) it is an impermissible "fail-safe" class; and (2) it improperly extends the statute of limitations based on the filing of the original Complaint, even though the original Complaint did not contain any putative class allegations.

### A. Legal Standard For A Motion To Strike Under Rule 12(f)

Under Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

### B. The Proposed Class Definition Is An Impermissible "Fail-Safe" Class

A fail-safe class is one in which the class members "either win or are not in the class." *In re AutoZone, Inc., Wage & Hour Emp't Practices Litig.*, 289 F.R.D. 526, 546 (N.D. Cal. 2012); *see also*

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

MPA ISO MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE     4.     16cv00066 LJO (SKO)

*Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012) (explaining that a fail-safe class definition "is improper because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment"). As explained by the Ninth Circuit:

> The fail-safe appellation is simply a way of labeling the obvious problems that exist when the class itself is defined in a way that precludes membership unless the liability of the defendant is established. <u>When the class is so defined, once it is determined that a person, who is a possible class member, cannot prevail against the defendant, that member drops out of the class</u>. That is palpably unfair to the defendant, and is also unmanageable-for example, to whom should the class notice be sent? *See* Fed. R. Civ. P. 23(c)(2).

*Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir. 2010) (emphasis added).

Here, the First Amended Complaint defines the proposed class as:

> All current and former California employees of Defendants who received a wage statement from December 7, 2014, through the date of final judgment, <u>which fails to accurately show the name and address of the legal entity that is the employer as required by Labor Code section 226(a)(8)</u>.

(FAC, ¶ 48 (emphasis added).)

This is problematic because it defines the class in such a way that "the class members either win or are not in the class . . . the Court cannot enter an adverse judgment against the class." *See Genenbacher v. CenturyTel Fiber Co. II*, 244 F.R.D. 485, 488 (C.D. Ill. 2007).

For this reason, California courts routinely strike fail-safe class definitions. *E.g., Dodd–Owens v. Kyphon, Inc.*, 2007 WL 420191, at *3 (N.D. Cal. Feb. 5, 2007) (striking the words "who have experienced gender discrimination ..." from a class definition on the ground that it created a "fail-safe class"); *Brazil v. Dell*, 2008 WL 2693629, at *7 (N.D. Cal. July 7, 2008) (striking class definition because class defined as all persons who purchased Dell computer products that "Dell falsely advertised"); *see also Roth v. CHA Hollywood Med.*, Ctr., 2013 WL 5775129, *5 (C.D. Cal. Oct. 25, 2013) (observing that a subclass including "all non-exempt employees in California who were not provided the opportunity to take a 30-minute meal break during shifts of more than five hours' duration" would be impermissibly fail-safe); *Chow v. Neutrogena Corp.*, 2013 WL 5629777, *2 (C.D. Cal. Jan. 22, 2013) (noting the "prohibition on fail-safe classes.").

Accordingly, Defendants request that the Court strike the proposed fail-safe class definition

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

MPA ISO MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE

5.

16cv00066 LJO (SKO)

from the First Amended Complaint.

### C. The Proposed Class Definition Improperly Extends The Statute Of Limitations Based On The Filing Of The Original Complaint

The proposed class definition in the First Amended Complaint improperly extends the one-year statute of limitations for the Labor Code 226 claims back to December 7, 2014, based on the filing date of original Complaint (*i.e.*, December 7, 2015). (FAC, ¶ 48.) However, the original Complaint was <u>not</u> a putative class action and <u>did not</u> identify any putative class members, [*see generally* Doc. No. 1, pp. 16-31].

The issue of whether a state statute of limitations would be tolled by a federal class action is a question of state law. *Chardon v. Fumero Soto*, 462 U.S. 650, 661 (1983). California courts have, "under limited circumstances," held that the statute of limitations may be tolled while an uncertified class action is pending. *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1121-1122 (1988). The California Supreme Court has acknowledged that in *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974), the United States Supreme Court held that, with regard to federal claims, "the commencement of a class action suspends the applicable statute of limitations as to all asserted class members of the class who would have been parties had the suit been permitted to continue as a class action." *Jolly*, 44 Cal. 3d at 1121-1122. However, the California Supreme Court refused to extend *American Pipe's* tolling doctrine to the state law claims in that case.

Specifically, the California Supreme Court refused to toll the statute of limitations: (1) "[b]ecause the *Sindell* complaint never put defendants on notice that personal injury damages were being sought on a class basis, it would be unfair to defendants to toll the statute of limitations on such personal injury actions"; and (2) "because the *Sindell* complaint did not seek personal injury damages on behalf of the class, even those absent class members who were aware of that action could not reasonably have relied on the complaint as a basis for postponing their own personal injury actions." *Jolly*, 44 Cal. 3d at 1125. So too here, for the same reasons.

The class allegations and proposed class definition were not pled until the filing of the First Amended Complaint on May 11, 2016. <u>There were no class allegations in the original Complaint</u>. [*See generally*, Doc. No. 1, pp. 16-31.] <u>Nor were there any asserted class members in the original</u>

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

MPA ISO MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE      6.      16cv00066 LJO (SKO)

Complaint. [*See generally*, Doc. No. 1, pp. 16-31.] Thus, the original Complaint never put Defendants on notice that damages for alleged violations of Labor Code section 226 were being sought on a class basis, nor could those absent putative class members who potentially were aware of Van Lith's filing of his original Complaint have reasonably relied on the Complaint as a basis for postponing their own claims under Labor Code section 226. *See Jolly*, 44 Cal. 3d at 1125.

Accordingly, per *Jolly*, the one-year statute of limitations for Van Lith's new putative class claims was not tolled by the filing of the original Complaint. Therefore, the proposed class period must be stricken or, at a minimum, modified to reflect that it starts one year prior to the filing of the First Amended Complaint, *i.e.*, May 11, 2015.

## IV. CONCLUSION

For the reasons set forth above, Van Lith's two wage statement claims must be dismissed for failure to state a plausible claim for relief. Again, any assertion that Van Lith somehow "suffer[ed] injury" because one document listed his employer's address as "200 E. Basse Rd., San Antonio TX 78209," (FAC, ¶ 22), while his wage statements listed his employer's address as "200 East Basse, San Antonio TX 78209," is both wrong and defies common sense.

And, in the alternative, assuming *arguendo* Van Lith adequately pled a claim for relief, the proposed class definition must be stricken because: (1) it is an impermissible fail-safe class; and (2) it improperly extends the statute of limitations based on the filing of the original Complaint, even though the original Complaint was not a putative class action and did not identify any putative class members.

Dated: May 31, 2016

/s/ *Michael G. Leggieri*
JODY A. LANDRY
MICHAEL G. LEGGIERI
LITTLER MENDELSON, P.C.
Attorneys for Defendants
iHEARTMEDIA + ENTERTAINMENT, INC., CAPSTAR RADIO OPERATING COMPANY, and iHEARTMEDIA, INC.

Firmwide:140649821.2 037355.1306

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

MPA ISO MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE    7.    16cv00066 LJO (SKO)