**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KARL VAN LITH,** | **1:16-cv-066-LJO-SKO** |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION TO DISMISS OR TO STRIKE (Doc. 23)** |
| **v.** | |
| **IHEARTMEDIA + ENTERTAINMENT, INC., et al.,** | |
| **Defendants.** | |

### I. <u>PRELIMINARY STATEMENT TO PARTIES AND COUNSEL</u>

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout

1  the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to

2  reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. <u>INTRODUCTION</u>

Defendants iHeartMedia + Entertainment, Inc., Capstar Radio Operating Company, and iHeartMedia (collectively, "Defendants") move to dismiss Plaintiff Karl Van Lith's two causes of action brought under California Labor Code § 226(a)[1] ("§ 226(a)"). Doc. 23 In the alternative, Defendants move to strike Plaintiff's proposed class definition for the claims. *Id.*

The Court took the matter under submission pursuant to Local Rule 230(g). Doc. 26. For the following reasons, the Court DENIES Defendants' motion to dismiss, and GRANTS IN PART and DENIES IN PART their motion to strike.

## III. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>[2]

Plaintiff alleges he was hired in March 2013, and through September 2014 his wage statements listed his employer as both "Clear Channel" and "Capstar Radio Operating Co.," whose address was "200 East Basse, San Antonio, TX 78209." Doc. 1, Ex. B, Complaint ("Compl.") at ¶¶ 17-21.

Plaintiff further alleged that in September 2014, Clear Channel Communications, Inc. became iHeartMedia, Inc., and Clear Channel Broadcasting, Inc. became iHeartMedia + Entertainment, Inc. *Id.* at ¶ 22.  Plaintiff was informed of this change on September 16, 2014, via videoconference. *Id.*

In July 2015, Plaintiff received a § 2810.5 "Notice to Employee," which listed Plaintiff's employer as "iHeartMedia," whose address was "200 E. Basse, San Antonio, TX 78209." *Id.* at ¶ 23. Plaintiff's wage statements, however, continued to list his employer as "Capstar Radio Operating Company," whose address was "200 East Basse, San Antonio, TX 78209." *Id.* at ¶¶ 22-23.

In September 2015, Plaintiff's employment ended. *Id.* at ¶ 26. His final wage statement listed his

---

[1] All further statutory references are to the California Labor Code unless otherwise indicated.

[2] The following facts are drawn from Plaintiff's complaint or first amended complaint ("FAC") and are assumed as true for purposes of Defendant's motion. *See Lazy Y. Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

1   employer as "iHeartMedia," whose address was "P.O. Box 659512, San Antonio, TX 78265-9512." *Id.*

2   at ¶ 27. Documents provided to Plaintiff at the end of his employment list his employer as "iHeartMedia

3   + Entertainment, Inc.," whose "Entity Address" is alleged to be "111 8th Ave, Floor 13, TX 78209" and

4   whose address for its "Agent for Service of Process" is alleged to be "818 West Seventh St. Ste 930, Los

5   Angeles, CA 90017." *Id.* at ¶ 28.

6        On December 7, 2015, Plaintiff brought this case against Defendants for their alleged violation

7   of various California labor laws. *See* Doc. 1 at 16. Plaintiff alleged, among other things, that Defendants

8   failed to provide accurate itemized wage statements to Plaintiff and other current and former employees

9   in violation of § 226(a). *See id.* at ¶¶ 23, 28. According to Plaintiff, "Defendants applied a uniform pay

10  policy and, as such, the Labor Code violations alleged . . . also occurred with respect to other current and

11  former employees and are ongoing." *Id.* at ¶ 30.

12       Plaintiff asserted various "Private Attorney General Act" ("PAGA[3]") allegations, noting that

13  PAGA permits him to bring a Labor Code violation claim on behalf of himself and other current or

14  former employees of Defendants, as well as recover certain statutory penalties for each aggrieved

15  employee. *See, e.g.*, *id.* at ¶ 10. Plaintiff also brought, among other things, two claims under § 226(a). [4]

16  *Id.* at ¶ 34. The basis for the claims is Plaintiff's assertion that Defendants failed to provide and maintain

17  accurate itemized wage statements to Plaintiff and the other current and former employees of

18  Defendants." *Id.* at ¶¶ 34, 38. For both claims, Plaintiff alleged that he "and the other current and former

19  employees have been damaged

20  . . . and request relief." *Id.* at ¶¶ 35, 39. Plaintiff thus sought various damages "on behalf of himself and .

21  . . on behalf of other current and former employees." *Id.*

22  _____

23  [3] Claims under California's PAGA, §§ 2698-2699, may be brought as class actions, but need not be. *Arias v. Superior Court*, 46 Cal.4th 969, 975, 981 n.5 (2009).

24  [4] Section 226(a) provides in relevant part that employers must provide an accurate "name and address of the legal entity that

25  is the employer" on an employee's wage statement.

Plaintiff filed a first amended complaint ("FAC") on May 11, 2015. Doc. 22. In it, Plaintiff indicates that he now "seeks to maintain this action as a class action as to" his two § 226(a) causes of action, which are materially indistinguishable from those alleged in his original complaint. *Id.* at ¶ 48. Plaintiff's proposed class consists of:

> All current and former California employees of Defendants who received a wage statement from December 7, 2014, through the date of final judgment, which fails to accurately show the name and address of the legal entity that is the employer as required by Labor Code section 226(a)(8).

*Id.*

Defendants move to dismiss the § 226(a) claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.[5] Doc. 23. Defendants construe the claims as premised on Plaintiff's alleging that Defendants violated § 226(a) by alternating his employer's address between "200 E. Basse Road" and "200 East Basse Road" on his wage statements. Doc. 23-1 at 5. Defendants therefore contend Plaintiff does not allege that Defendants failed to furnish wage statements that listed the correct name *and* address of his employer, as his § 226(a) claim requires, because he cannot plausibly allege he was unable to ascertain the correct address of his employer. *Id.*

In the alternative, Defendants move to strike Plaintiff's class definition. *Id.* at 6. Defendants argue the definition is impermissibly "fail-safe" and impermissibly extends the one-year statute of limitations[6] from one year prior to the filing of the complaint (*i.e.*, December 7, 2014) instead of one year from the filing of the FAC (*i.e.*, May 11, 2015). *Id.* at 8-9. Plaintiff contends the class definition is not "fail-safe" and, because the FAC relates back to the complaint, the statute of limitations was tolled by the filing of the complaint. Doc. 24 at 5-6.

---

[5] Both of Plaintiff's § 226(a) claims are premised on the same allegations and assertions, but differ only in that the first alleges Defendants failed to provide Plaintiff with accurate wage statements whereas the second alleges Defendants failed to maintain accurate wage statements.

[6] There is no dispute that Plaintiff's § 226(a) claims are subject to a one-year statute of limitations. *See* Cal. Code Civ. Proc. § 340(a).

# IV. STANDARDS OF DECISION

## 1.     Motion to dismiss

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiffs pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. In practice, "a complaint . . . must contain either direct or inferential allegations respecting

5

1   all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550

2   U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the

3   plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California*

4   *Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

5   **2.      Motion to strike**

6          Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient

7   defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

8   "Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved

9   in the action." *Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033

10  (C.D. Cal. 2002) (internal quotation marks and citations omitted). Immaterial matter is "that which has

11  no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc.*

12  *v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citations omitted), *rev'd*

13  *on other grounds*, 510 U.S. 517 (1994). Impertinent matter "consists of statements that do not pertain,

14  and are not necessary, to the issues in question." *Id.* Scandalous matter is that which "improperly casts a

15  derogatory light on someone, most typically on a party to the action." *Germaine Music v. Universal*

16  *Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) (internal quotation marks and citations

17  omitted).

18         The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must

19  arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v.*

20  *Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "Motions to strike are generally regarded with

21  disfavor because of the limited importance of pleading in federal practice, and because they are often

22  used as a delaying tactic." *Alco Pacific*, 217 F. Supp. 2d at 1033; *see also Neveu v. City of Fresno*, 392

23  F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (Motions to strike are generally disfavored and "should not be

24  granted unless it is clear that the matter to be stricken could have no possible bearing on the subject

25  matter of the litigation."). "Given their disfavored status, courts often require a showing of prejudice by

6

1 | the moving party before granting the requested relief." *Alco Pacific*, 217 F. Supp. 2d at 1033 (internal

2 | quotation marks and citations omitted). "The possibility that issues will be unnecessarily complicated or

3 | that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type

4 | of prejudice that is sufficient to support the granting of a motion to strike." *Id.* (citing *Fogerty*, 984 F.2d

5 | at 1528).

## V. <u>ANALYSIS</u>

**1.       Plaintiff plausibly states claims under § 226(a).**

8 |       At issue here is § 226(a)'s requirement that employers must provide to their employees wage

9 | statements that state in writing "the name *and* address of the legal entity that is the employer."

10 | (Emphasis added.) Contrary to Defendants' strawman argument, Plaintiff's § 226(a) claims are not

11 | premised solely on an allegation that Defendants violated the statute exclusively because they allegedly

12 | listed Plaintiff's employer's address as "200 East Basse" or "200 E. Basse R." on his wage statements.

13 | *See* Doc. 23-1 at 4-5. This is not the basis for Plaintiff's claims; Plaintiff alleges that, at various times

14 | during his employment, he received wage statements that listed the wrong employer (or employers).

15 | Notably, Defendants appear to acknowledge these allegations. *See* Doc. 23-1 at 5 n.1 ("Defendants deny

16 | that [Plaintiff's] wage statements failed to accurately state the name of his employer . . . [but]

17 | acknowledge that the Court must accept as true [those] allegations.").

18 |       Defendants further argue Plaintiff's § 226(a) claims fail because he does not allege Defendants

19 | failed to list both the name *and* address of his employer on his wage statements. *See* Doc. 23-1 at 4. This

20 | argument is disingenuous at best and frivolous at worst. As Defendants point out, "[t]he word 'and'

21 | requires a conjunctive construction of the two requirements." *Rodriguez v. Blue Cross of Calif.*, 162 Cal.

22 | App. 4th 330, 341 (2008) (citation omitted). This means that, to comply with § 226(a), an employer

23 | must furnish and maintain wage statements that accurately list its name *and* address. *See Kobzoff v. Los*

24 | *Angeles Cty. Harbor/UCLA Med. Ctr.*, 19 Cal.4th 851, 861 (1998) ("the use of 'and' in this section,

25 | when considered in light of the first conjunctive phrase, indicates that the Legislature intended that

plaintiffs bring or maintain lawsuits *both* with reasonable cause *and* in good faith" (emphasis in original)). It follows, then, that an employer's failing to list accurately its name *or* its address on wage statements violates § 226(a). *See id.* It would make no sense to conclude that an employer who lists only its address on its employees' wage statements has complied with § 226(a). Because there is no dispute that Plaintiff sufficiently alleges Defendants failed to list accurately the name and address of his employer on his wage statements at all relevant times, Plaintiff has plausibly alleged Defendants violated § 226(a). Accordingly, Defendants' motion to dismiss is DENIED.

**2.     Plaintiff's class definition must be stricken.**

**a. The class definition is impermissibly "fail-safe."**

Defendants move to strike the FAC's class definition for Plaintiff's § 226(a) claims as impermissibly "fail-safe." "The fail-safe appellation is simply a way of labeling the obvious problems that exist when the class itself is defined in a way that precludes membership unless the liability of the defendant is established." *Kamar v. RadioShack Corp.*, 375 Fed. App'x 734, 736 (9th Cir. 2010). A fail-safe class "include[s] only those who are entitled to relief." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012). This is so because under a fail-safe class definition "[e]ither the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment." *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011). At least two federal appellate courts hold that fail-safe classes are per se impermissible. *See id.*; *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012). The Ninth Circuit has all but held the same. *See Kamar*, 375 Fed. App'x at 736 (describing fail-safe classes as "palpably unfair" to defendants and "unmanageable").

This Court recently declined to certify a class under the plaintiff's proposed definition because it was "fail-safe." *See Olney v. Job.com, Inc.*, No. 1:12-cv-1724-LJO-SKO, 2013 WL 5476813, at *11 (E.D. Cal. Sept. 30, 2013). In *Olney*, the plaintiff sought to certify a class alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 et seq., which prohibits certain

1   telephone calls made without the recipient's consent. *Id.* The plaintiff's proposed class was defined as

2   individuals who "received any telephone calls from Defendant . . . [who] had not previously consented

3   to receiving such calls." *Id.* The Court found this to be an impermissible fail-safe class definition

4   because it "mean[t] that only those potential members who would prevail on this liability issue would be

5   members of the class." *Id.*; *see also Dixon v. Monterey Fin. Servs., Inc.*, No. 150cv-3298-MMC, 2016

6   WL 3456680, at *4 (N.D. Cal. June 24, 2016) (striking class definition that was "essentially

7   indistinguishable" from that in *Olney*).

8       The court in *Heffelfinger v. Electronic Data Sys. Corp.*, likewise refused to certify a fail-safe

9   class. No. CV 07-00101 MMM (Ex.), 2008 WL 8128621, at *10 (C.D. Cal. Jan. 7, 2008),  *aff'd and*

10  *rev'd on other grounds*, 492 Fed. App'x 710 (9th Cir. 2012).   The proposed class in that case was

11  defined as:

12      all current and former employees employed within the State of California by [Defendant] as
        [information technology workers], ... who performed work in excess of eight hours in one day
13      and/or forty hours in one week, and did not receive overtime compensation as required by Labor
        Code, Section 510, and Wage Order No. 4-2001, Section 3.

14  *Id.* The court found this definition would "define the class in terms of workers who were denied

15  overtime in violation of the law." *Id.* (footnote omitted). The court therefore denied class certification,

16  reasoning that the fail-safe definition was impermissible because, if the class were so certified, "no

17  putative plaintiff would be bound by the judgment because the court would have found that each was not

18  'entitled' to overtime as a matter of law and thus was not a class member." *Id.* The Ninth Circuit

19  affirmed the district court's re-defining the class. *See Heffelfinger v. Electronic Data Sys. Corp.*, 492

20  Fed. App'x 710, 714 (9th Cir. 2012).

21      Here, Plaintiff's proposed class definition is a textbook example of an impermissible fail-safe

22  class. The class definition—which defines the class as employees of Defendants who received wage

23  statements that "fail[ed] to accurately show the name and address of the legal entity that is the employer

24  as required by Labor Code section 226(a)(8)"—would include only individuals whose wage statements

25

9

1    violated § 226(a). The class therefore would only include individuals who "win, or by virtue of losing

2    . . . are not in the class and, therefore, not bound by the judgment." *Randleman*, 646 F.3d at 352.

3         The Court declines to exercise its discretion to redefine the class. *See Armstrong v. Davis*, 275

4    F.3d 849, 871 n. 28 (9th Cir.2001) ("Where appropriate, the district court may redefine the class"). In

5    the Court's view, Plaintiff should bear the burden of writing his complaint in a permissible manner. This

6    Court does not have the duty, time, or willingness to do so. Accordingly, the Court STRIKES the FAC's

7    class definition as an impermissible fail-safe class and will afford Plaintiff the opportunity to amend it.

8    *See Brazil v. Dell, Inc.*, No. C-07-1700 RMW, 2008 WL 2693629, at *7 (N.D. Cal. July 7, 2008)

9    (striking class definition as fail-safe that included those who brought products that the defendant "falsely

10   advertised").

11        **b. The FAC relates back.**

12        Defendants also move to strike the class definition's class period as impermissibly tolling the

13   applicable one-year statute of limitations for § 226(a) claims. Defendants argue the correct timeframe is

14   one year prior to the filing of the FAC (*i.e.*, May 11, 2015), not one year from the filing of the complaint

15   (*i.e.*, December 7, 2014), as the class definition currently provides. Defendants request that the class

16   period be stricken "or, at a minimum, modified to reflect that it starts one year prior to the filing of the

17   [FAC]." Doc. 23-1 at 9. Plaintiff, however, contends the December 7, 2014 timeframe is permissible

18   because the complaint tolled the statute of limitations and the FAC relates back to the complaint.

19        The parties correctly agree that whether the filing of the complaint tolled the statute of

20   limitations—and therefore permits the FAC's class period—turns on whether the FAC "relates back" to

21   the complaint. *See generally Immigrant Assistance Project of Los Angeles Cty. Fed'n of Labor (AFL-*

22   *CIO) v. I.N.S.*, 306 F.3d 842, 856-57 (9th Cir. 2002) ("*Immigrant Assistance*") (holding claim in

23   amended complaint that is otherwise time-barred may be considered timely if the amended complaint

24   "relates back" to the original complaint). "An amendment adding a party plaintiff [under Fed. R. Civ. P.

25   15(c)] relates back to the date of the original pleading only when: (1) the original complaint gave the

1    defendant adequate notice of the claims of the newly proposed plaintiff; (2) the relation back does not

2    unfairly prejudice the defendant; and (3) there is an identity of interests between the original and newly

3    proposed plaintiff." *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935-36 (9th Cir. 1996)

4        "In deciding whether an amendment relates back to the original claim, notice to the opposing

5    party of the existence and involvement of the new plaintiff is the critical element." *Avila v. I.N.S.*, 731

6    F.2d 616, 620 (9th Cir. 1984). To determine whether the defendant had adequate notice of the new

7    proposed plaintiff's claims, "courts examine whether the original complaint clearly stated that the

8    plaintiff sought to represent others." *Allen v. Similasan Corp.*, 96 F. Supp. 3d 1063, 1069 (S.D. Cal.

9    Mar. 30, 2015) (citations omitted).

10       Defendants seem to suggest that the original complaint, which does not contain class allegations,

11   could not have provided adequate notice to Defendants that Plaintiff sought class claims as alleged in the

12   FAC. *See* Doc. 25 at 6-7. Defendants are correct that a number of courts have found that an individual

13   plaintiff's complaint did not provide adequate notice to a defendant that he or she seeks claims on behalf

14   of a class.[7] In all of those cases, however, there was an insufficient indication (or no indication at all)

15   that the plaintiff sought to represent other plaintiffs. No court appears to hold that an individual

16   plaintiff's claims cannot, under any circumstances, provide a defendant adequate notice of later-pled

17   class claims. In fact, the Sixth Circuit has suggested that an individual plaintiff's allegations that a

18   defendant's company-wide policy is unlawful could put the defendant on notice of potential class

19   claims. *See Smith*, 505 F.3d at 406 n.3.

20       The Court finds Plaintiff's original complaint provided adequate notice that Plaintiff sought to

21   pursue class claims. Although the complaint did not explicitly indicate that Plaintiff intended to

22   represent a class, Plaintiff alleged at the outset that PAGA afforded him the right to pursue Labor Code

23

24   [7] *See, e.g.*, *Corns v. Laborers Int'l Union of N. Am.*, No. 09-cv-4403 YGR, 2014 WL 1319363, at *5 (N.D. Cal. Mar. 31, 2014); *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405-06 (6th Cir. 2007); *Plummer v. Farmers Group, Inc.*, 388 F. Supp. 2d 1310, 1316 (E.D. Okla. Sept. 15, 2005); *Heaphy v. State Farm Mut. Automobile Ins. Co.*, No. C05 5404 RBL, 2005 WL 1950244, at *4 (W.D. Wash. Aug. 15, 2005).

25

1   violations on behalf of others. *See, e.g.*, Compl. at ¶ 10. Plaintiff repeatedly alleged in the complaint that

2   Defendants committed Labor Code violations against him and other employees of Defendants as a result

3   of a uniform, company-wide policy. *See, e.g.*, *id.* at ¶¶ 11, 23, 28, 30. Plaintiff repeated these allegations

4   in his § 226(a) causes of action. *See id.* at ¶¶ 34, 38. Critically, Plaintiff explicitly stated that he sought

5   various damages "on behalf of himself and . . . on behalf of other current and former employees." *Id.* at

6   ¶¶ 35, 39. Accordingly, Defendants had adequate notice of the proposed plaintiffs' claims and that

7   Plaintiff sought to represent them.

8       The identity-of-interests requirement is met when the original plaintiff and newly added

9   plaintiffs are "similarly situated." *Immigrant Assistance*, 306 F.3d at 858. Plaintiffs are similarly situated

10  when "[t]he circumstances giving rise to the[ir] claims remain[] the same [under the amended

11  complaint] as under the original complaint. *Raynor Bros. v. Am. Cyanimid Co.*, 695 F.2d 383, 384 (9th

12  Cir. 1982). For instance, in *Immigrant Assistance*, there was an identity of interests between the

13  plaintiffs because they alleged the same government regulations and practices "gave rise to the claims

14  asserted in the original Complaint as well as to the claims asserted in the Second Amended Complaint."

15  306 F.3d at 858.

16      The alleged circumstances giving rise to the § 226(a) claims in the original complaint are

17  identical to those in the FAC. In both, Plaintiff seeks damages on behalf of himself and current and

18  former employees of Defendants for Defendants' allegedly violating § 226(a) through their use of a

19  uniform, company-wide policy that produced inaccurate wage statements. *See, e.g.*, FAC at ¶ 37

20  ("During the relevant time period and as set forth above, Defendants failed to provide accurate itemized

21  wage statements to Van Lith and members of the Class in violation of Labor Code § 226(a)"); Compl. at

22  ¶ 30 ("Van Lith is informed and believes that Defendants applied a uniform pay policy and, as such, the

23  Labor Code violations alleged above also occurred with respect to other current and former employees

24  and are ongoing."). There is therefore an identity of interests between Plaintiff and the proposed class

25  members. *See Immigrant Assistance*, 306 F.3d at 858. And because of that identity of interests, the

1   addition of similarly situated plaintiffs will not prejudice Defendants. *See id.* ("The addition of new

2   plaintiffs who are similarly situated to the original plaintiffs therefore did not cause the INS any

3   prejudice in the present case."); *see also id.* at 858 n.14 (discussing approvingly *In re Glacier Bay*, 746

4   F. Supp. 1379, 1391 (D. Alaska Sept. 28, 1990) ("[t]he addition of new plaintiffs who are similarly

5   situated to the original plaintiffs does not cause defendants any prejudice")). Accordingly, the Court

6   DENIES Defendants' motion to strike the FAC's class period class for Plaintiff's § 226(a) claims

7   because the FAC relates back to the original complaint.

8                          **VI. <u>CONCLUSION AND ORDER</u>**

9          For the foregoing reasons, the Court DENIES Defendants' motion to dismiss and GRANTS IN

10  PART and DENIES IN PART Defendants' motion to strike. Plaintiff shall file any amended complaint

11  on or before August 19, 2016.

12  IT IS SO ORDERED.

13  Dated:   __**July 25, 2016**__          _____**/s/ Lawrence J. O'Neill**_____
14                                          UNITED STATES CHIEF DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25