# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL VAN LITH, <br><br> Plaintiff, <br><br> v. <br><br> iHEARTMEDIA + ENTERTAINMENT, INC., et al., <br><br> Defendants. <br>_____/ | Case No. 1:16-cv-00066-SKO <br><br> **ORDER FOR ADDITIONAL FILINGS** <br><br> **(Doc. 34)** |

Before the Court is Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Provisional Certification of the Class (the "Motion"). (Doc. 34.) In support of the Motion, Plaintiff filed a proposed settlement agreement. (*Id.*, Ex. 2.) The Court held a hearing regarding the Motion on January 25, 2017 (the "Hearing"), at which it directed Plaintiff to file additional briefing regarding the Motion. (Doc. 39.) Plaintiff then filed this additional briefing on January 31, 2017. (Doc. 44.)

The Court finds that further briefing from Plaintiff is warranted as to two issues. First, as noted by the Court at the Hearing, the "Released Claims" provision in the proposed settlement agreement appears to be overbroad insofar as it does not track the *class-related* allegations and claims in the operative complaint. Specifically, the operative complaint includes two class claims: (1) Count I - failure to furnish accurate wage statements in violation of Labor Code section 226;

and (2) Count II - failure to maintain accurate wage statements in violation of Labor Code section 226, *et seq.* (Doc. 28 ¶¶ 59–68.) However, under the "Released Claims" provision, the proposed class members would be releasing the right to pursue penalties under the following apparently unrelated sections of the Private Attorneys General Act ("PAGA"): (1) Section 201 (immediate payment of wages upon discharge); (2) Section 202 (immediate payment of wages upon resignation); (3) Section 203 (failure to make payment within required time); (4) Section 204 (semimonthly payments); (5) Section 226 (to the extent this provision provides for violations other than under subsection (a), such as the right to inspect or time to comply); (6) Section 226.7 (recovery period and mandatory rest periods); (7) Section 510 (day's work and overtime); (8) Section 512 (meal periods); (9) Section 558 (violations of chapter or provision regulating hours and days of work); and (10) Section 1198.5 (right to inspect personnel records).

Thus, it appears that the Proposed Settlement Agreement provides that the class members will release claims or rights that extend beyond the allegations and claims in the operative complaint. This release provision therefore appears to be impermissibly overbroad. *See, e.g.*, *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) ("A settlement agreement may preclude a party from bringing a related claim in the future even though the claim was not presented and might not have been presentable in the class action, but only where the released claim is based on the identical factual predicate as that underlying the claims in the settled class action." (citation omitted)); *Collins v. Cargill Meat Solutions Corp.*, 274 F.R.D. 294, 303 (E.D. Cal. 2011) (finding that a release was permissible where the "released claims appropriately track the breadth of [the plaintiffs'] allegations in the action and the settlement does not release unrelated claims that class members may have against defendants" (citation omitted)).

Second, at the Hearing, the Court noted that the proposed notice to the class does not comply with Federal Rule of Civil Procedure 23 insofar as it does not "clearly and concisely state" the "class claims, issues, or defenses" in "plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B). In his subsequent filing, Plaintiff failed to revise the language describing the class claims in the notice. (*See* Doc. 44, Ex. 1 at 3.) The Court finds that such a revision is necessary.

Based on the foregoing, the Court ORDERS Plaintiff by no later than February 14, 2017, to file the following:

(1) detailed briefing addressing why the release relating to *each* of the PAGA sections is not overbroad;

(2) in the alternative, an amended proposed settlement agreement and an amended notice that provide "Released Claims" language for the class members that directly tracks the *class-related* allegations and claims in the operative complaint; and

(3) an amended notice to the proposed class describing the class claims in plain, easily understood language.

IT IS SO ORDERED.

Dated:   **February 7, 2017**                            /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE